IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY GRIFFIN,**

        **Plaintiff,**

    v.                      CASE NO. 14-3043-SAC

**JEFF EASTER, Sheriff,**
Sedgwick County Detention
Facility, et al.,

        **Defendants.**

## MEMORANDUM AND ORDER

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate currently confined at the Hutchinson Correctional Facility, Hutchinson, Kansas. Having considered the materials filed, the court finds as follows.

## FILING FEE

The fee for filing a civil complaint in federal court is $400.00, which includes the statutory fee of $350.00 and an administrative fee of $50.00, or for one granted leave to proceed without prepayment the fee is $350.00. Plaintiff has filed a Motion for Leave to Proceed without Prepayment of Fees (Doc. 3) and has attached an Inmate Account Statement in support as statutorily mandated. Under 28 U.S.C. § 1915(b)(1), a prisoner granted such leave is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action.

Instead, being granted such leave merely entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of the civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit during the relevant time period was $ 26.19, and the average monthly balance was $ 4.09. The court therefore assesses an initial partial filing fee of $ 5.00, twenty percent of the average monthly deposit rounded to the lower half dollar. Plaintiff is given time to submit the part fee to the court and warned that his failure to comply within the prescribed time may result in dismissal of this action without further notice.

**COMPLAINT NOT ON FORMS**

D.Kan. Rule 9.1(a) requires that a civil rights complaint be on forms approved by the court. The complaint in this action is not on forms. Plaintiff is required to submit his complaint upon the appropriate forms and to present all his claims and allegations therein. He must answer all applicable questions on the forms and may not simply refer to his non-complying initial pleading.

**ALLEGATIONS AND CLAIMS**

As the factual background for his complaint, Mr. Griffin alleges as follows. On September 25, 2012, during his detention at the Sedgwick County Adult Detention Center, Wichita, Kansas (SCADC) he fell due to a wet floor and sustained serious injuries. At the time, two "unsupervised trustees were mopping water from the floor with towels." There was no sign warning of the wet floor, and no verbal warning was given to plaintiff. Nurse Kaitlin witnessed the fall, advised plaintiff to remain calm, and helped him to his feet. Plaintiff was called to the clinic for an "intense evaluation." Another nurse did the initial screening and discovered that plaintiff "was suffering severe medical issues" including that his "neck was out of joint" due to the fall. The nurse ordered plaintiff sent to a specialist and prescribed a neck collar. He returned to his pod "under strict medical monitoring." On September 27, 2012, plaintiff was given x-rays, which were "considered inconclusive" due to the intense swelling inside his neck. Two weeks later, plaintiff was transported to his own personal doctor, Dr. Moufarrij, who determined that plaintiff needed an MRI. Dr. Moufarrij analyzed the MRI results and determined that plaintiff's "C-4, C-5, C-6 and C-7 needed to be fused due to the fall which crushed those bones from the impact." Recommended surgery was conducted.

Plaintiff then sustained another injury at the SCADC when the

Clinical Therapist, whose name is unknown, acted negligently and without proper training in that he "roughly pulled" plaintiff's neck during a session causing it to "snap," which resulted in paralysis to plaintiff's left side, arm and upper body for 8 days. Plaintiff was again transported to his personal doctor, who performed an MRI and CT and determined that a second surgery was necessary for "spinenoisis and Laminectomy for 3 through 6 due to the disc were damaged." The doctor noted that the injuries could have been fatal. The prescribed surgery was performed. Plaintiff was later transported to the Kansas Department of Corrections (KDOC). None of the therapy that defendants were ordered to provide has been provided by defendants or the KDOC.

Defendant Karen Powell, Assistant County Counselor, failed to fairly investigate this matter and did not obtain adequate information. She was biased in her findings toward defending Sheriff Easter and obstructed courts from knowing the true nature of plaintiff's injuries. Powell was negligent and deceptive and she "falsely reported" that plaintiff's injuries were "from other sources" rather than his fall at the SCADC.

Plaintiff names as defendants Sheriff Jeff Easter, SCADC; Assistant County Counselor Karen Powell, "Sedgwick County Clinical Therapist," and "any" unnamed John or Jane Does. He alleges that defendants acted maliciously, sadistically, with deliberate indifference and "possibly discrimination." He further alleges

4

that defendants failed "to take action against the Tort Action Claim," failed to "curb the pattern of abuse" and protect plaintiff from "arbitrary governmental suppression," delayed due process, and "refus(ed) to fix the matter in a just way."

Plaintiff asserts the following constitutional violations: cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments, violation of due process, violation of equal protection, and violation of the privileges and immunities clause. In addition, he claims medical malpractice, negligence, and violation of Kansas Tort Laws. Plaintiff seeks compensatory, exemplary, and punitive damages, each in the amount of $3,500,000.

**SCREENING**

Because Mr. James is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).[1]

**STANDARDS**

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."

---

1   Plaintiff has sent "proof" to the Clerk that he sent "Notice to the defendants" of this action. However, service upon defendants will only be ordered by the court if the complaint survives screening.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Twombly*, 550 U.S. at 558.

The Eighth Amendment provides prisoners the right to be free from cruel and unusual punishments. The correct standard for an Eighth Amendment conditions-of-confinement claim requires a knowing disregard of "excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir. 2001). Furthermore, the condition must deprive the inmate of "the minimal civilized measure of life's necessities,"

and the official involved must have a "sufficiently culpable state of mind" amounting to "deliberate indifference"[2] to a "substantial risk of serious harm to an inmate." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)(internal quotations omitted). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)(quotation omitted)).

In the medical care context, the plaintiff must likewise show "a sufficiently culpable state of mind" amounting to deliberate indifference along with the presence of a "serious medical need," that is, "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105. A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

With respect to slip and fall cases in particular, the Tenth Circuit has reasoned as follows:

---

2   The deliberate indifference standard includes both an objective and subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). In the objective analysis, a prisoner must show from objective facts that he or she was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)(quotation omitted)).

7

> Slippery shower floors constitute a daily risk faced by
> the public at large. Cases from other jurisdictions have
> held that slippery floors do not violate the Eighth
> Amendment. See, e.g., *LeMaire v. Maass*, 12 F.3d 1444, 1457
> (9th Cir. 1993)("slippery prison floors . . . do not state
> even an arguable claim for cruel and unusual punishment")
> (quoting *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir.
> 1989)); *Denz v. Clearfield County*, 712 F.Supp. 65, 66
> (W.D.Pa. 1989)(slippery cell from humidity); *Robinson v.
> Cuyler*, 511 F.Supp. 161, 163 (E.D.Pa. 1981)(slippery
> kitchen floor); *Tunstall v. Rowe*, 478 F.Supp. 87, 89
> (N.D.Ill.1979) (greasy stairway); *Snyder v. Blankenship*,
> 473 F.Supp. 1208, 1212 (W.D.Va. 1979)(pool of soapy water
> from leaking dishwasher). Mr. Flandro seeks to meet the
> excessive risk or substantial risk standard on a
> result-oriented basis, that is, he has alleged a serious
> injury so he maintains the condition must be serious.
> However, a serious injury by itself does not necessarily
> render a condition excessively or even substantially
> risky. Because a soapy shower floor does not constitute
> an excessive or substantial risk nor deprive an inmate of
> the minimal civilized measure of life's necessities, we
> agree with the district court that Mr. Flandro has failed
> to state a constitutional claim.

*Flandro v. Salt Lake County* Jail, 53 Fed.Appx. 499, 500-01 (10th Cir. 2002). Applying the foregoing standards, the court finds that the facts alleged by plaintiff, taken as true, fail to state a federal constitutional claim.

**<u>FAILURE TO STATE CLAIM OF CRUEL AND UNUSUAL PUNISHMENT</u>**

Mr. James bases his Eighth Amendment claim in this case upon allegations that he suffered serious injury when he fell upon a wet floor at the jail. However, allegations of a slip and fall are simply insufficient to state claim under the Eighth Amendment. See *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004)("Simply put,

8

"[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment. . . ."). A wet floor in the detention center that was being mopped is not shown to have amounted to an excessive or substantial risk to plaintiff or to have deprived him of the minimal civilized measure of life's necessities. At most, Mr. James is alleging that SCADC personnel were negligent in their duty to protect him from hazardous conditions. Claims under § 1983 may not be predicated on negligence. See *Daniels v. Williams*, 474 U.S. 327, 330 (1986)(holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege a constitutional violation); see also *Medina v. City and County of Denver*, 960 F .2d 1493, 1500 (10th Cir. 1992)("negligence and gross negligence do not give rise to section 1983 liability"). Accordingly, even accepting plaintiff's allegations regarding the slip and fall incident as true, the court finds that plaintiff fails to state a federal constitutional claim.

Furthermore, plaintiff has alleged no facts to show that any identified defendant directly caused the floor to be wet or was aware that the wet floor presented a substantial risk of serious harm to plaintiff, but ignored that risk.[3] Thus, plaintiff has failed to allege facts showing that any defendant acted with the requisite

---

3   Plaintiff purports to name John and Jane Doe defendants, but only to the extent that other potential defendants may become known to him in the future. He does not adequately state a claim against a John or Jane Doe by describing that person's involvement in the alleged incident in his complaint. Nor does he provide any information to allow for service upon a Doe defendant.

culpable state of mind.

Plaintiff's claim that the defendant therapist at the SCADC injured him while providing therapy likewise appears to be nothing more than a negligence claim.

Mr. James has not plainly asserted that defendants violated the Eighth Amendment by denying necessary medical treatment for his injuries. However, even if he had, his allegations are clearly not sufficient to support such a claim. Many of his factual allegations indicate to the contrary that he received immediate and extensive attention and treatment for his injuries, including visits to his personal physician, two MRIs, and two surgeries. His bald allegation in closing that prescribed therapy was not provided by defendants or DOC is not supported by facts. He does not identify what therapy was prescribed, what person denied him therapy, and does not provide dates or location.[4]

**FAILURE TO STATE FACTS TO SUPPORT OTHER CONSTITUTIONAL VIOLATIONS**

Plaintiff's assertions of violation of due process, violation of equal protection, and violation of the privileges and immunities clause are nothing more than conclusory statements. No facts whatsoever are alleged to support any of these assertions. As noted, conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.

---

4   Plaintiff may not sue the named defendants who are Sedgwick County employees for the alleged denial of therapy in a KDOC institution.

Plaintiff's claim that defendant Assistant County Counselor Powell performed a negligent and biased investigation regarding the slip and fall incident also fails to evince a federal constitutional violation and is not supported by adequate facts.[5]

**STATE LAW CLAIMS NOT COGNIZABLE IN FEDERAL COURT**

In addition to his constitutional claims, plaintiff is apparently attempting to litigate state law claims in federal court including a negligence claim under the KTCA.[6] Mr. James suggests no theory under which the federal court would have jurisdiction over his state law claims.[7] His allegations of medical malpractice, negligence, and violation of "Kansas Tort Laws" are all matters of state law that are not grounds for relief in federal court under § 1983.

**PLAINTIFF ORDERED TO SHOW CAUSE**

Plaintiff is required to show cause why this action should not be dismissed for the foregoing reasons. If he fails to show good

---

[5] If plaintiff is attempting to assert that defendant Powell denied due process in connection with his KTCA claim, he does allege sufficient facts regarding those proceedings to indicate either what process was due, or what elements of due process were improperly denied.

[6] If plaintiff is seeking review of a denial of a claim under the KTCA, he does not suggest a theory under which this court has jurisdiction.

[7] Mr. James does not assert pendent jurisdiction. In any event, this court does not have pendent jurisdiction over state law claims when the complaint fails to state a federal constitutional claim.

cause or cure the deficiencies in his complaint or to comply with the court's other orders within the prescribed time, this action may be dismissed without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 5.00. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to submit his complaint upon court-approved forms and to show cause why this action should not be dismissed for the reasons stated herein including failure to state a federal constitutional claim.

The clerk is directed to send plaintiff 1983 forms.

**IT IS SO ORDERED.**

Dated this 15th day of April, 2014, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**