IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ANTHONY GRIFFIN,

                    Plaintiff,

          v.                          CASE NO.  14-3043-SAC

JEFF EASTER, Sheriff,
Sedgwick County Detention
Facility, et al.,

                    Defendants.


MEMORANDUM AND ORDER

     This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by a Kansas inmate.   The court examined the materials filed and issued a Memorandum and Order in which plaintiff was required to pay an initial partial filing fee and to show cause why this action should not be dismissed for reasons stated therein.   Plaintiff has paid the partial fee, and his motion to proceed without prepayment of fees shall be granted.[1]   The matter is before the court upon plaintiff's Amended Complaint (Doc. 7).


I.  ALLEGATIONS AND CLAIMS

---

[1]     Plaintiff is reminded that he remains obligated pay the remainder of the $350.00 filing fee in installments.  28 U.S.C. § 1915(b)(1).   Thus, in each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

In his original complaint, Mr. Griffin alleged the following factual background.  On September 25, 2012, during his detention at the Sedgwick County Detention Center, Wichita, Kansas (SCDC) he fell due to a wet floor and sustained serious injuries.  He was taken to the clinic for an "intense evaluation" and found to be "suffering severe medical issues" including that his "neck was out of joint" due to the fall.  The examining nurse at the SCDC prescribed a neck collar and referred Mr. Griffin to a specialist.  He returned to his pod "under strict medical monitoring."  On September 27, 2012, plaintiff was given x-rays, which were "considered inconclusive."  Two weeks later, he was transported to his personal physician Dr. Moufarrij, who determined that plaintiff needed an MRI.  Dr. Moufarrij analyzed the MRI results and determined that plaintiff's "C-4, C-5, C-6 and C-7 needed to be fused due to the fall which crushed those bones from the impact."  The recommended surgery was conducted.

Thereafter plaintiff sustained injury at the SCDC when the clinical therapist, whose name is unknown, acted negligently and without proper training in that he "roughly pulled" plaintiff's neck during a session causing it to "snap," which resulted in paralysis to plaintiff's left side, arm, and upper body for 8 days.  Mr. Griffin was again transported to his personal

physician, who performed an MRI and CT and determined that a second surgery was necessary for "spinenoisis and Laminectomy for 3 through 6 due to the disc were damaged." This prescribed surgery was performed.

In his Amended Complaint, Mr. Griffin does not repeat many of the foregoing facts, and instead begins his factual statement by merely recounting that on September 25, 2012, at the SCDC he injured his neck when he slipped and fell. In addition, plaintiff does not assert all the claims that he did in his original complaint.[2] All facts and claims that are not alleged in plaintiff's Amended Complaint are no longer before this court.

As Count I in his Amended Complaint, plaintiff claims that he was never provided the therapy that was ordered by his surgeon and instead was sent to KDOC "within a week of major surgery" on his neck. Records available on-line regarding Kansas Department of Corrections (KDOC) offenders, show that Mr. Griffin was committed to KDOC custody on August 5, 2013; and was transferred to the Hutchinson Correctional Facility, Hutchinson,

---

[2]    In his original complaint, Mr. Griffin alleged that defendants acted maliciously, sadistically, and with deliberate indifference and "possibly discrimination;" failed "to take action against the Tort Action Claim;" failed to "curb the pattern of abuse" and protect plaintiff from "arbitrary governmental suppression;" delayed due process and "refus(ed) to fix the matter in a just way;" and violated the prohibition against cruel and unusual punishment as well as due process, equal protection, and the privileges and immunities clause. In addition, he claimed medical malpractice, negligence, and violation of Kansas Tort Laws.

Kansas (HCF), on February 24, 2014.[3]   As "supporting facts" for this Count, plaintiff alleges as follows.   In July 2013, he was released from the hospital and picked up by "the sheriff" who took him to the SCDC "without his neck brace, which was taken from (his) cell and never returned."   He was placed in a cell with an "uncomfortable mattress" that was 1¾ inches thick, which sat upon an iron bunk.   He was unable to stand or walk more than 15 feet at a time, had an open wound on the back of his neck, and was forced to deal with pain without medication.   He was left to hold up his head himself and deal with the cell conditions as best he could.   Now, he cannot walk, bend, turn his head, or use the bathroom without pain and discomfort and never has a restful night's sleep.   He has 70% nerve damage to his right side.   He is now handicapped and disabled because "no one took the time to rehab (him) back to walking and moving around like normal."

As Count II of his Amended Complaint, plaintiff claims that Karen Powell, Assistant County Counselor, "failed to fairly investigate this matter and gather adequate information."   As supporting facts, he alleges the following.   Powell failed to interview him as to what happened, how it happened, and his condition.   Powell failed to see that he was taken care of "in

---

[3]     His earliest possible release date is September 1, 2016.

the damages in all ways a simple settlement to adequately" ease his pains for the rest of his disabled life "with open medical care to help" him.  He adds that his spinal damage is the same as that of Christopher Reeves, and that he cannot control his movement, write, or remember how to spell simple words.

As Count III in his Amended Complaint, plaintiff claims that the "Sedgwick County Clinical Therapist" performed physical therapy upon him in a manner that injured him.  In support, he alleges that the therapist pulled and twisted his joints that were fused together in a very unprofessional manner, which left him in pain and with left-side paralysis[4] in his shoulder and arm and that ultimately led to a second surgery, which left him unable to turn his head more than 20% of the way.

Plaintiff seeks damages in the amount of $3,500,000.  He also seeks release to get back and forth to this court on this case and to get the therapy he needs.[5]


## II.  SCREENING

The court is required by statute to screen the Amended Complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be

---

[4]    As noted, in his original complaint, Mr. Griffin alleged that this paralysis lasted 8 days.

[5]    Plaintiff does not allege facts entitling him to release at any particular time, and this claim for relief is denied.

granted, or seeks relief from a defendant immune from such relief.   28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

## III.   LEGAL STANDARDS

Plaintiff was previously informed of the standards under which his complaint must be reviewed by this court.   A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   In addition, the court accepts all well-pleaded allegations in the complaint as true.   *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.").   To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.   "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is

appropriate.   *Twombly*, 550 U.S. at 558.   The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishments.   The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on denial of necessary medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 Fed.Appx. 667, 672 (10th Cir. 2008)(citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The "deliberate indifference" standard has two components: "an objective component requiring that the . . . deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).   In the objective analysis, the inmate must show the presence of a "serious medical need," that is, "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).   A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is

so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999); *Martinez*, 430 F.3d at 1304 (quoting *Farmer*, 511 U.S. at 834 (quotation omitted)).  "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)(quotation omitted)).  In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)(quotation omitted)).

A delay in providing medical treatment does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993).  Therefore, in situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001); *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006).

8

## IV.   DISCUSSION

Plaintiff's Amended Complaint is based upon four distinct, alleged incidents: (1) the denial of therapy and rehab prescribed by his surgeon; (2) unconstitutional cell conditions; (3) failure of the County Counselor to investigate plaintiff's injuries and medical condition and see that he was adequately compensated; and (4) unprofessional physical therapy.   The Amended Complaint is deficient in several ways.

### A.   *Failure to State a Claim Against Defendant Sheriff Easter*

The Amended Complaint fails to state a claim against defendant Sheriff Easter because plaintiff does not allege sufficient facts showing the personal participation of Sheriff Easter in the incidents upon which the complaint is based. "[P]ersonal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011)(citation omitted); *see Pahls v. Thomas*, 718 F.3d 1210, 1231 (10th Cir. 2013)("Liability under § 1983 . . . requires personal involvement."). Plaintiff states no facts describing direct personal participation on the part of Sheriff Easter in the alleged denial of prescribed therapy or "rehab," or in the creation or maintenance of the particular cell conditions of which plaintiff complains.   Furthermore,

9

Sheriff Easter is not the County Counselor whose investigation is challenged or the physical therapist whose therapy is criticized.

The only allegations made as to defendant Easter are plaintiff's general references to Easter's "running of" the Sedgwick County Jail and his oversight of its "day to day operation." However, a supervisory official cannot be held liable based solely upon a theory of respondeat superior. *See Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012). Nor does plaintiff describe any policy or custom at the SCDC that was implemented or actively endorsed by defendant Easter and then explain how that custom caused the alleged constitutional deprivations. Even if plaintiff showed participation on the part of defendant Easter, he alleges no facts whatsoever to suggest that defendant Easter acted with the requisite culpable state of mind. *Id.* Unless plaintiff alleges additional facts showing defendant Easter's personal participation in the incidents of which plaintiff complains and Easter's culpable state of mind, this action must be dismissed as against defendant Easter.

**B.   *Failure to State a Federal Constitutional Claim Against Defendant Powell***

10

Plaintiff alleges that defendant Powell "failed to fairly investigate" and "gather adequate information" regarding the slip-and-fall incident.[6]   However, plaintiff's allegations against defendant Powell were found to be conclusory and to fail to state a federal constitutional claim in the court's prior Memorandum and Order.   Mr. Griffin offers no additional allegations in his Amended Complaint to cure these deficiencies. He complains that due to defendant Powell's inadequate investigation he was not given a "simple settlement to adequately" ease his pains for the rest of his life.   However, he does not allege that defendant Powell was involved in the alleged denial of therapy or rehab, the alleged unconstitutional conditions in his cell, or the injurious physical therapy.   Nor has he alleged facts showing defendant Powell's culpable state of mind.   Unless plaintiff alleges additional facts showing the personal participation of defendant Powell in the alleged violations of his constitutional rights, this action must be dismissed as against defendant Powell.

---

[6]     In his original complaint, plaintiff alleged that defendant Powell was biased in her findings toward defending Sheriff Easter, obstructed courts from knowing the true nature of plaintiff's injuries, was negligent and deceptive, and "falsely reported" that plaintiff's injuries were "from other sources" rather than his fall at the SCDC.   He does not repeat those allegations in his Amended Complaint, and they are no longer before the court.   Nor should they be for the reasons stated in the court's prior Memorandum and Order.

**C.   *Failure to State Facts to Support Constitutional Claim of Denial of Medical Treatment***

In his original complaint, plaintiff sought damages mainly as compensation for injuries he allegedly sustained in a slip-and-fall incident at the SCDC.  However, in its first screening order, the court set forth authorities indicating that allegations of a slip-and-fall incident are simply insufficient to state claim under the Eighth Amendment.  The court further found that plaintiff was alleging, at most, that SCDC personnel were negligent in their duty to protect him from hazardous wet floor conditions.  Based on the relevant legal authority, the court found that plaintiff failed to state a federal constitutional claim.  In his Amended Complaint, plaintiff has changed his claim to an assertion of denial of necessary medical treatment.

In its first Memorandum and Order, the court found that Mr. Griffin had not plainly asserted that the named defendants violated the Eighth Amendment by denying necessary medical treatment for his injuries and, in any event, that his own allegations indicated he received immediate and extensive attention and treatment for his injuries, including visits to his personal physician, two MRIs, and two surgeries.  The court expressly noted that plaintiff's "bald allegation in closing

that prescribed therapy was not provided by defendants or DOC was not supported by facts." Memorandum and Order (Doc. 6) at 10. The court specifically stated that plaintiff "does not identify what therapy was prescribed" and "what person denied him therapy" and "does not provide dates or location." *Id.* Thus, Mr. Griffin was notified that conclusory allegations of denial of therapy prescribed by his surgeon were not sufficient to state a claim.

Despite the court's rulings and directions, in his Amended Complaint Mr. Griffin again fails to provide the missing essential facts. He appears to complain that he was denied therapy and rehab for a week at the SCDC and was then transferred to a KDOC prison. However, as he was further informed in the court's prior Memorandum and Order, he "may not sue the named defendants who are Sedgwick County employees for the alleged denial of therapy in a KDOC institution." Even if plaintiff had named as defendant the person or persons actually responsible for failing to provide him with the prescribed therapy and rehab during his last week at the SCDC, this claim would be subject to dismissal for failure to state an Eighth Amendment violation. This is because the complaint appears to allege a mere week's delay in treatment which fails, without more, to state a federal constitutional violation.

If plaintiff is attempting to add a claim that after he was transferred out of the SCDC, he was denied surgeon-prescribed rehab and therapy at the HCF, he may not proceed on that claim against the defendants named in his Amended Complaint.   Instead, the proper defendants for such a claim would be the person or persons at the HCF from whom Mr. Griffin sought medical treatment based upon his surgeon's prescription.   To state a claim against the proper defendants, plaintiff must provide their names together with the dates and location and other underlying circumstances of his requests for treatment at the HCF.

Plaintiff is given one more opportunity to state additional facts to support an Eighth Amendment denial of medical treatment claim.   If he continues to fail to provide sufficient facts to support such a claim against the named defendants and does not name proper defendants, then this action will be dismissed without further notice.

### D.    Failure to State Claim against "Sedgwick County Physical Therapist"

Plaintiff alleged in his original complaint and repeats in Count III of his Amended Complaint that he was injured at the SCDC by a therapist that provided him with physical therapy. However, plaintiff does not name the therapist as a defendant in

the caption of his Amended Complaint, and this is cause for dismissal of the action against this defendant.  In his original complaint he named "Sedgwick County Clinical Therapist" as a defendant in the caption of the complaint and discussed the alleged actions of this defendant in the body of the complaint. Without this defendant, his claim of injury from physical therapy must be dismissed because defendants Easter and Powell did not participate in the physical therapy and cannot be held liable for the acts of the therapist.  Plaintiff could be provided with the opportunity to add this therapist as a John Doe defendant.  However, the court finds that giving Mr. Griffin such an opportunity would be futile because his claim that he was injured by unprofessional treatment by a physical therapist is subject to dismissal for an additional reason.  As plaintiff was informed in the court's prior Memorandum and Order, claims under § 1983 may not be predicated upon negligence.  Thus, plaintiff's claim of negligence on the part of the therapist at the SCDC, accepted as true, fails to evince a federal constitutional violation.  The remedy for plaintiff's claim that he was injured by negligent physical therapy is a lawsuit in state, rather than federal, court.  Accordingly, plaintiff's claim of negligent physical therapy on the part of the unnamed "Sedgwick County Physical Therapist" is dismissed.

15

## V.   PLAINTIFF ORDERED TO SHOW CAUSE

The court has considered plaintiff's substantially-altered claims in his Amended Complaint and gives him one more chance to show cause why this action should not be dismissed for the reasons stated herein, including failure to state a claim against the named defendants.   Plaintiff is warned that if he fails to show good cause and cure the deficiencies in his Amended Complaint within the prescribed time, this action may be dismissed without further notice.

## VI.   MOTION TO APPOINT COUNSEL

The court has considered plaintiff's Motion to Appoint Counsel (Doc. 4) and finds that it should be denied.   There is no constitutional right to appointment of counsel in a civil case.   *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995).   The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.   *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).   "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."   *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006)(citing *Hill v. SmithKline*

*Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. Considering the above factors, the Court concludes in this case that (1) it is not clear at this juncture that plaintiff has asserted a colorable claim; (2) the issues are not complex; and (3) plaintiff appears capable of adequately presenting facts, which is all that is required of the pro se plaintiff. Accordingly, the Court denies plaintiff's motion for appointed counsel at this juncture. However, this denial is without prejudice. Thus, if this case progresses past screening and it becomes apparent that counsel is necessary, plaintiff may renew this motion.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 3) is

granted; and his Motion to Appoint Counsel (Doc. 4) is denied, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's request for release and his claim against the unnamed "Sedgwick County Clinical Therapist" is denied, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to show good cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

Dated this 10th day of March, 2015, at Topeka, Kansas.


**s/Sam A. Crow**
**U. S. Senior District Judge**