IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY GRIFFIN,

    Plaintiff,

v().                                      Case No. 5:14-CV-3043-JTM

JEFF EASTER, Sheriff,
Sedgwick County Detention Facility, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Anthony Griffin filed a pro se civil complaint pursuant to 42 U.S.C. § 1983. The court examined the materials filed and issued a Memorandum and Order on April 15, 2014, in which plaintiff was ordered to pay an initial partial filing fee and to show cause why this action should not be dismissed for reasons stated therein. Dkt. 6. Plaintiff paid the partial fee and, on May 12, 2014, filed an Amended Complaint in an attempt to cure the deficiencies identified in his original Complaint. Dkt. 7. However, on March 10, 2015, the court notified plaintiff that his Amended Complaint was still deficient on a number of matters. Dkt. 8. The court granted plaintiff thirty (30) days to show good cause why this action should not be dismissed. Plaintiff filed a response on March 25, 2015, allegedly attempting to cure these deficiencies. Dkt. 9. Based on the court's review of plaintiff's response, it finds plaintiff's attempts to cure these deficiencies insufficient. As a result, plaintiff's action is dismissed in its entirety.

**I.    Screening**

The court is required by statute to screen the Amended Complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a), (b);

28 U.S.C. § 1915(e)(2)(B).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 558 (2007).  A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## II.     Allegations and Claims

In his original Complaint, plaintiff alleged the following factual background.  On September 25, 2012, during his detention at the Sedgwick County Detention Center ("SCDC") in Wichita, Kansas, plaintiff fell on a wet floor and sustained serious injuries.  At the time, two "unsupervised trustees were mopping water from the floor with towels."  There was no sign warning of the wet floor, and no verbal warning was given to plaintiff.  A nurse witnessed the fall, advised plaintiff to remain calm, and helped him to his feet.  Plaintiff was subsequently taken to the facility clinic for an "intense evaluation."  A second nurse did the initial screening and discovered that plaintiff "was suffering severe medical issues" including that his "neck was

out of joint" due to the fall. Plaintiff was ordered to a specialist and was prescribed a neck collar. He was returned to his pod "under strict medical monitoring."

On September 27, 2012, plaintiff was given x-rays, which were "considered inconclusive" due to the intense swelling in his neck. Two weeks later, plaintiff was transported to his own personal physician, Dr. Moufarrij, who determined that plaintiff needed an MRI. Dr. Moufarrij analyzed the MRI results and determined that plaintiff's "C-4, C-5, C-6 and C-7 needed to be fused due to the fall which crushed those bones from the impact." Recommended surgery was conducted.

Plaintiff subsequently sustained another injury at the SCDC when the clinic therapist, whose name is unknown, allegedly acted negligently and without proper training in that he "roughly pulled" plaintiff's neck during a session causing it to "snap," which resulted in paralysis to plaintiff's left side, arm, and upper body for eight (8) days. Plaintiff was again transported to his personal doctor, who performed another MRI and CT scan and determined that a second surgery was necessary for "spinenoisis and Laminectomy for 3 through 6 due to the disc[s] [that] were damaged." The prescribed surgery was performed.

Plaintiff alleges that, in July 2013, he was released from the hospital and picked up by "the sheriff" who took him to the SCDC "without his neck brace, which was taken from [his] cell and never returned." Plaintiff alleges that he was placed in a cell with an "uncomfortable mattress" that was 1 ¾ inches thick, which sat upon an iron bunk. Plaintiff was unable to stand or walk more than fifteen (15) feet at a time, had an open wound on the back of his neck, and was forced to deal with pain without medication. Plaintiff claims that he was left to hold up his head himself and deal with the cell conditions as best he could. After approximately a week in

the SCDC, plaintiff was transported, on August 5, 2013, to the Kansas Department of Corrections ("KDOC").

Plaintiff now alleges that as a result of this negligent treatment, he cannot walk, bend, turn his head, or use the bathroom without pain and discomfort and never has a restful night's sleep.  He has 70% nerve damage to his right side and is now handicapped and disabled because "no one took the time to rehab [him] back to walking and moving around like normal."  Plaintiff was transferred to the Hutchinson Correctional Facility ("HCF") in Hutchinson, Kansas, on February 24, 2014.

### III.  Discussion

As noted in the March 10, 2015, Memorandum and Order, plaintiff's Amended Complaint is based upon four distinct alleged incidents: (1) the denial of therapy and rehab prescribed by his surgeon, (2) unconstitutional cell conditions, (3) failure of the County Counselor to investigate plaintiff's injuries and medical condition and see that he was adequately compensated, and (4) unprofessional physical therapy.  The court found plaintiff's Amended Complaint deficient in several ways and ordered him to allege additional facts: (1) showing Sheriff Jeff Easter's personal participation in the incidents of which plaintiff complains and Easter's culpable state of mind, (2) showing the personal participation of County Counselor Powell in the alleged violations of his constitutional rights, and (3) supporting an Eighth Amendment violation for denial of medical treatment.  Plaintiff has failed to satisfy any of these requirements.

**A.     Sheriff Easter**

The March 10th Memorandum and Order stated that the "Amended Complaint fails to state a claim against defendant Sheriff Easter because plaintiff does not allege sufficient facts

4

showing the personal participation of Sheriff Easter in the incidents upon which the complaint is based." Dkt. 8, at 9.  The only allegations that plaintiff made as to Sheriff Easter were general references to his "running of" the SCDC and his oversight of its "day to day operation."  Plaintiff was warned that a supervisory official cannot be held liable based solely upon a theory of respondeat superior and was given the opportunity to allege additional facts.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

In his Response, plaintiff fails to even *mention* Sheriff Easter, let alone provide additional facts to support a claim against this defendant.  Plaintiff has had multiple bites at the apple to correct this error and has failed to do so even after direct instruction from the court.  Accordingly, plaintiff's claim against Sheriff Easter is dismissed.

**B.      Assistant County Counselor Karen Powell**

The same is true for plaintiff's claim against Powell.  Plaintiff alleges that Powell "failed to fairly investigate" and "gather adequate information" regarding the slip-and-fall incident.  The court similarly warned plaintiff that his claim would be subject to dismissal if he did not provide additional allegations to cure the deficiencies in the Amended Complaint.  Specifically, plaintiff was informed that his Amended Complaint failed to allege that Powell was in any way involved in the alleged denial of therapy or rehab, the alleged unconstitutional conditions in his cell, or the injurious physical therapy.  Nor did plaintiff allege any facts showing Powell's culpable state of mind.

Just as was the case with Sheriff Easter, plaintiff again fails to even mention Powell in his Response, let alone provide the necessary additional facts to show the personal participation of Powell in the alleged violations of his constitutional rights.  Accordingly, plaintiff's action is dismissed as against defendant Powell.

**C.     Denial of Medical Treatment**

In his original Complaint, plaintiff sought damages mainly as compensation for injuries he alleged he sustained in the slip-and-fall incident. In its first screening order, the court set forth authorities indicating that allegations of a slip-and-fall incident were simply insufficient to state a claim under the Eighth Amendment. The court found that, *at most*, plaintiff was alleging that SCDC personnel were negligent in their duty to protect him from hazardous wet floor conditions. In his Amended Complaint, plaintiff changed his claim to an assertion of denial of necessary medical treatment. However, the court still found that plaintiff failed to provide the missing essential facts on such a claim. At most, plaintiff's Amended Complaint was found to allege a mere week's delay in treatment which fails, *without more*, to state a federal constitutional violation.[1]

The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard has two components: an objective component requiring that the pain or injury be "sufficiently serious;" and a "subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). To satisfy the objective component, an inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "The subjective component is met if a prison official knows of and disregards an

---

[1] It appeared that, originally, plaintiff complained that he was denied therapy and rehab for a week at the SCDC and was then transferred to a KDOC prison. The court informed plaintiff that he could not sue Sedgwick County employees for the alleged denial of therapy in a KDOC institution. Dkt. 8, at 13. The same is true if plaintiff is attempting to add a claim that, after he was transferred out of the SCDC, he was denied surgeon-prescribed rehab and therapy at the HCF. Dkt. 8, at 14.

excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (citing *Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000)). In measuring an official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he (or she) must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

> In his Response, plaintiff merely alleges that he
>
> should have [been] transported to the emergency room STAT as soon they learned of the incident for head trauma and neck injury. But someone took it upon themselves to make the call to let me wait. Which was cruel to take that chance with one life. I was not treated equal.

Dkt. 9, at 4 (emphasis in original). Again, plaintiff fails to allege any facts that would rise to a level of a federal constitutional violation. Many of plaintiff's factual allegations actually indicate that he received immediate and extensive attention and treatment for his injuries, including visits to a specialist and his personal physician, two MRIs, a CT scan, x-rays, and two surgeries. Plaintiff provides no additional facts showing how failing to immediately transport him to the emergency room supports an Eighth Amendment violation. Accordingly, plaintiff's action is dismissed in its entirety.

The court pauses here to note plaintiff's claims against a previously unnamed physical therapist, who plaintiff now refers to as "John Doe." Plaintiff alleged in his original Complaint and repeated in Count III of his Amended Complaint that he was injured at the SCDC by a therapist that provided him with physical therapy. Plaintiff did not name the therapist in the caption of his Amended Complaint, which the court noted was sufficient cause for dismissal of the action against this defendant. The court also pointed out that plaintiff could be provided with the opportunity to add the therapist as a John Doe, but, even then, the physical therapist would be subject to dismissal for another reason. Plaintiff merely alleges negligence against this physical

therapist and, as plaintiff was warned, claims under § 1983 may not be predicated upon negligence. *See Matson v. Kansas*, 2012 U.S. Dist. LEXIS 1629, at *8 (D. Kan. Jan. 5, 2012) (holding that "negligence on the part of a prison official does not state a federal constitutional claim and is therefore not a basis for relief under § 1983).

Therefore, plaintiff's claim of negligent physical therapy on the part of John Doe was dismissed in the court's March 10, 2015, order. Dkt. 8, at 15. The bulk of plaintiff's Response deals with the actions of this physical therapist. Because this claim was previously dismissed, these additional allegations were not taken into consideration.

**IT IS THEREFORE ORDERED**, this 19th day of August, 2015, that plaintiff's action, filed under 42 U.S.C. § 1983 (Dkt. 7), is hereby dismissed in its entirety, without prejudice.

s/J. Thomas Marten,
J. THOMAS MARTEN, JUDGE
